**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Traffic Solutions, Inc., | No. CV-08-2051-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Redflex Traffic Systems, Inc.; Karen Finley; Aaron M. Rosenberg, Ph.D., | |
| Defendants. | |

Plaintiff American Traffic Solutions, Inc. ("ATS") moves to disqualify defendants' counsel Greenberg Traurig, LLP ("Greenberg"). We have before us plaintiff's motion to disqualify (doc. 18), defendants Redflex Traffic Systems, Inc. ("Redflex"), Karen Finley, and Aaron Rosenberg's response and supplement to response (docs. 20 & 21), and plaintiff's reply (doc. 22). We also have before us defendants' motion to strike or in the alternative its surreply (doc. 24) and plaintiff's response (doc. 26). Also before the court is defendants' motion for oral argument (doc. 23).

As an initial matter, we deny defendants' motion for oral argument because we do not find it necessary to decide the matter before us. Additionally, we deny defendants' motion to strike or for leave to file a surreply. The local rules of civil procedure provide for a motion, response, and reply. LRCiv. 7.2. Objections to evidence on written motions shall not be by a separate motion to strike. LRCiv. 7.2(m)(2). The remedy for dealing with new

1 evidence first appearing in a reply is that we will not consider issues or evidence raised for
2 the first time in plaintiff's reply. Gadda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir.
3 2007).

4       ATS and Redflex both market cameras for photo traffic and toll enforcement and are
5 direct competitors. ATS claims that Redflex made false or misleading statements regarding
6 the radars used in Redflex's speed monitoring cameras and brings this action for violations
7 of the Lanham Act, 15 U.S.C. § 1125(a), tortious interference with business relationship and
8 expectancy, and unjust enrichment. Plaintiff now moves to disqualify Greenberg from
9 representing defendants on the grounds that it may use confidential information obtained
10 through prior representation to further defendants' interests.

11       From November 2003 until March 2006, Greenberg represented Mulvihill Intelligent
12 Control Systems, Inc. ("Mulvihill") in contract disputes and negotiations regarding red light
13 cameras. In March 2005, ATS became Mulvihill's corporate parent. While representing
14 Mulvihill, Greenberg obtained information from ATS as needed to represent Mulvihill and
15 met with ATS in May 2005 to attempt to solicit additional business. According to ATS,
16 Greenberg was given confidential information regarding both ATS and Mulvihill during the
17 May 2005 meetings. Motion to Disqualify, Ex. A ¶ 8.

18       Arizona Ethical Rule 1.9 prohibits a lawyer from representing a party whose interests
19 are materially adverse to a former client where the matter is substantially related to the
20 previous representation. ER 1.9 (a), Ariz. S. Ct. R. 42, 17A A.R.S.; Amparano v. ASARCO,
21 208 Ariz. 370, 376, 93 P.3d 1086, 1092 (Ct. App. 2004) ("The courts have, of course, looked
22 to the ethical rules for guidance on disqualification issues"). To disqualify Greenberg,
23 plaintiff must show: (1) the existence of an attorney-client relationship; and (2) that the
24 former representation was "substantially related" to the current litigation. Foulke v. Knuck,
25 162 Ariz. 517, 520-21, 784 P.2d 723, 726-27 (Ct. App. 1989). Defendants claim that
26 plaintiff has failed to show either factor.

27       First, defendants argue that Greenberg did not have an attorney-client relationship
28 with ATS because it represented Mulvihill only. We disagree. "An attorney-client

1 relationship is said to exist when the party divulging confidences and secrets to an attorney
2 believes that he is approaching the attorney in a professional capacity with the intent to
3 secure legal advice." Alexander v. Superior Court, 141 Ariz. 157, 162, 685 P.2d 1309, 1314
4 (1984) (quotation omitted). ATS has provided evidence that it subjectively believed an
5 attorney-client relationship had been created and that it provided Greenberg with confidential
6 information based on this belief. Motion to Disqualify, Ex. A.[1] We conclude, therefore, that
7 plaintiff has shown the existence of an attorney-client relationship.

8 Second, defendants contend that, even if an attorney-client relationship existed, the
9 current action, involving speed cameras, is not substantially related to Greenberg's former
10 representation of Mulvihill, which involved red light cameras. "Matters are 'substantially
11 related' for purposes of [Ethical Rule 1.9] if they involve the same transaction or legal
12 dispute or if there otherwise is a substantial risk that confidential factual information as
13 would normally have been obtained in the prior representation would materially advance the
14 client's position in the subsequent matter." ER 1.9 cmt. 3. Plaintiff argues that the current
15 action is substantially related to red light camera matters because most of its cameras have
16 both red light and speed functions. In addition, plaintiff claims that Greenberg had access
17 to confidential information regarding ATS's internal structure, procurement procedures,
18 equipment, and external business plan, which could be used to improperly benefit Redflex.

19 Even if we assume that red light cameras and speed cameras are related, plaintiff has
20 failed to show that information obtained by Greenberg would materially advance defendants'
21 position in this action. The current litigation involves claims that Redflex made false or
22 misleading statements regarding the radars used in its speed enforcement cameras. The focus
23 of this action is on the equipment manufactured by Redflex and is not "substantially related"

---

[1] Defendants attempt to make significant that Greenberg did not receive payments from ATS. However, "it is not necessary for the individual to pay the attorney a fee for the services rendered in order for the relationship to be established." Foulke, 162 Ariz. at 520, 784 P.2d at 726. Moreover, even though ATS did not make payments to Greenberg, it approved payments made by Mulvihill. Motion to Disqualify, Ex. A ¶ 4.

- 3 -

1 to the work that Greenberg provided for Mulvihill. We conclude, therefore, that Greenberg's
2 representation of defendants does not violate Ethical Rule 1.9 (a) and disqualification is not
3 required.
4     Accordingly, **IT IS ORDERED DENYING** plaintiff's motion to disqualify (doc. 18).
5 **IT IS FURTHER ORDERED DENYING** defendants' request for oral argument (doc. 23).
6 **IT IS FURTHER ORDERED DENYING** defendants' motion to strike (doc. 24).
7     DATED this 19th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge