**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| American Traffic Solutions, Inc., | ) | No. CV-08-2051-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Redflex Traffic Systems, Inc.; Karen Finley; Aaron M. Rosenberg, Ph.D., | ) | |
| Defendants. | ) | |

Plaintiff American Traffic Solutions, Inc. ("ATS") bings this action against Redflex Traffic Systems, Inc. ("Redflex"), Karen Finley, and Aaron Rosenberg for federal and state law violations arising from their marketing of traffic enforcement systems. We have before us defendants' motion for partial judgment on the pleadings (doc. 28), plaintiff's response (doc. 32), and defendants' reply (doc. 35). We also have before us defendants' motion to strike the declaration of James Tuton (doc. 36), plaintiff's response (doc. 40), and defendants' reply (doc. 44).

**I**

ATS and Redflex directly compete with one another in marketing and operating cameras for photo traffic and toll enforcement to states, municipalities, and other public agencies. Defendant Karen Finley is Redflex's president and CEO, and Aaron Rosenberg is its executive vice president. In 2007, the Arizona Department of Public Safety ("DPS")

requested proposals for a pilot speed violation program using mobile photo enforcement. Both ATS and Redflex submitted bids for the project, and the contract was awarded to Redflex. In 2008, DPS issued a second request for proposals for a statewide speed monitoring photo enforcement program. Redflex was again the successful bidder.

The radar units used in speed photo enforcement devices must be authorized by the Federal Communications Commission ("FCC"). Mobile units may also be certified by the International Association of Chiefs of Police ("IACP"), and re-certification is required each time a component is changed. Redflex has admitted that, for a time, the radar units it used were not authorized by the FCC or IACP certified.

ATS claims that Redflex made false or misleading statements to DPS in its bid proposals, and that Redflex has marketed, sold, and used uncertified and unapproved devices to compete against it in various locations around the country. It brings this action against Redflex and its officers for false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a), tortious interference with business relationship and expectancy, and unjust enrichment. Defendants move for partial judgment on the pleadings as to plaintiff's Lanham Act false advertising claims based on: (1) Redflex's 2007 and 2008 DPS bid proposals; and (2) Karen Finley's statement that "using uncertified radar units was an honest mistake."

**II**

First, we must address the standard under which we will review defendants' motion. Defendants have moved for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., which is treated the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). Plaintiff argues that we must convert the motion into one for summary judgment if we consider the DPS bid documents that are attached as exhibits to defendants' motion. Rule 12(d), Fed. R. Civ. P. We disagree.

"Generally, the scope of review on a motion to dismiss for a failure to state a claim is limited to the contents of the complaint." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). We may, however, "consider documents that were referenced extensively in the

complaint and [are] accepted by all parties as authentic." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Because the complaint extensively references the 2007 and 2008 DPS bid documents and plaintiff has not challenged the authenticity of the exhibits,[1] we will consider the exhibits attached to defendants' motion without converting it to a motion for summary judgment. In addition, we will not consider the declaration submitted by plaintiff because it was not incorporated by reference into the complaint. Defendants' motion to strike the declaration is, therefore, denied as moot.

## III

Judgment on the pleadings is only proper if the moving party has "clearly establishe[d] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id. (citation omitted). Plaintiff argues that this is not a proper motion for judgment on the pleadings because defendants seek judgment on only a portion of its Lanham Act claim. Plaintiff's complaint, however, contains what could be construed as several claims for false advertising based on separate statements by defendants. Accordingly, we will consider defendants' motion for judgment on the pleadings as to certain of these representations. See Chi-Mil Corp. v. W.T. Grant Co., 70 F.R.D. 352, 357 (E.D. Wis. 1976) ("[J]udgment on the pleadings with respect to a part of a claim is implied by the parallel provision for partial summary judgment under Rule 56."); see also Holloway v. Best Buy Co., Inc., 2009 WL 1533668 *4 (N.D. Cal. May 28, 2009).

### A-Redflex's DPS Bids

To state a Lanham Act false advertising claim, plaintiff must allege that: (1) defendants made a false statement of fact in a commercial advertisement regarding their own

---

[1] Plaintiff states in its response to defendants' motion to strike that it cannot assess the authenticity of defendants' exhibits at this point. Response to Motion to Strike at 3 n.5. Yet, in its response to defendants' motion for judgment on the pleadings, plaintiff relies on defendants' exhibits in its argument. Response to Motion for Judgment on the Pleadings at 10. We will consider plaintiff's reliance on these documents as an acceptance of their authenticity.

1 or another's product; (2) the statement actually deceived or has the tendency to deceive a
2 substantial segment of their audience; (3) the deception was material; (4) defendants caused
3 the false statement to enter interstate commerce; and (5) plaintiff has been or is likely to be
4 injured as a result of the false statement. Southland Sod Farms v. Stover Seed Co., 108 F.3d
5 1134, 1139 (9th Cir. 1997) (citations omitted). Defendants argue that the 2007 and 2008 bid
6 proposals cannot serve as the basis for a false advertising claim because they did not contain
7 any false representations. We disagree.

8       Defendants' bid proposals included several representations that Redflex would
9 provide "IACP approved speed enforcement solutions," and use "full IACP certified speed
10 measurement devices." Motion for Judgment on the Pleadings, Ex. 1 at 17, 18, 36-37, 47.
11 A dispute remains as to whether these representations were false and meet the other
12 requirements of a Lanham Act violation. Therefore, judgment on the pleadings is not
13 appropriate as to plaintiff's Lanham Act claims based on defendants' DPS bid proposals.

14       To the extent that defendants seek dismissal of a false advertising claim based on the
15 photographs in the bid documents, we also conclude that judgment on the pleadings is not
16 proper. Defendants contend that the photographs in the bid documents do not make a
17 statement regarding the radar units used in their mobile enforcement devices. A Lanham Act
18 false advertising claim is not, however, limited to spoken or written words, but applies to any
19 misrepresentative "word, term, name, symbol, or device." 15 U.S.C. § 1125(a)(1). Also, "a
20 false advertising cause of action under the Act is not limited to literal falsehoods; it extends
21 to false representations made by implication or innuendo." Cook, Perkiss and Liehe, Inc. v.
22 N. Cal. Collection Servs. Inc., 911 F.2d 242, 245 (9th Cir. 1990). The pictures included in
23 defendants' bid proposals may have implied to DPS that those would be the actual products
24 used in their mobile enforcement devices. Whether these pictures actually mislead DPS in
25 evaluating the bid cannot, therefore, be decided on the pleadings alone.

26       Defendants rely on Nikkal Indus., Ltd. v. Salton, Inc., 735 F. Supp. 1227 (S.D.N.Y.
27 1990), for the proposition that a visual image alone is not sufficient to support a false
28 advertising claim under the Lanham Act. Unlike here, the court in Nikkal was acting as the

trier of fact after a full trial. While the court noted that "evidence must be presented of how an ambiguous message is understood by the intended audience," Id. at 1235, it found that on the evidence presented in that case, the photographic advertisement was "not sufficient to constitute a violation of the Lanham Act." Id. at 1237. In this case, the pleadings alone do not provide evidence regarding how the pictures in defendants' bid were understood by DPS.

Defendants also claim that their bid proposals did not represent the specific equipment that they would use because they were bidding to provide DPS a service rather than a particular product. They claim that the actual equipment used was immaterial to DPS. Although DPS did not purchase photo enforcement units, DPS may have had an interest in ensuring that the devices used for its program complied with relevant laws and regulations. We cannot, therefore, resolve this issue on the pleadings alone.

Accordingly, we deny defendants' motion for judgment on the pleadings as to the 2007 and 2008 bid proposals. This issue is better resolved on summary judgment after the facts have been developed.

### B-Finley's Statement

Defendants also move for judgment on the pleadings as to plaintiff's Lanham Act claim based on Karen Finley's statement to a newspaper that "using uncertified radar units was an 'honest mistake.'" Complaint ¶ 42. The Lanham Act prohibits "false or misleading representation of fact" about a defendant's own or another's goods, services, or commercial activities "in commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B); Southland, 108 F.3d at 1139. Defendants claim that Finley's statement was neither a representation of fact nor made in commercial advertising or promotion and is, therefore, not actionable. It is unclear from plaintiff's complaint and response whether it has alleged Finley's statement as an independent basis for a Lanham Act claim. Nonetheless, Finley's statement cannot support a Lanham Act false advertising claim because, as plaintiff concedes, the portion of the statement describing Redflex's products is not false or misleading. Response at 12.

A statement is false if it is "literally false, either on its face or by necessary implication, or [if] the statement was literally true but likely to mislead or confuse

consumers." Southland Sod, 108 F.3d at 1139. Finley's statement is clear that Redflex's products were, at least for a time, uncertified, which the parties agree is true. Whether using uncertified products was an "honest mistake," is not a representation of fact upon which consumer reliance would be induced. See Cook, 911 F.2d at 246 ("[C]onsumer reliance will be induced by specific rather than general assertions . . . misdescriptions of specific or absolute characteristics of a product are actionable.) (quotation omitted). Judgment on the pleadings is, therefore, appropriate on a Lanham Act claim based on Finley's statement to the press. Our ruling is, of course, without prejudice to plaintiff's right to use this statement as evidence at a later point in the proceedings.

**IV**

Accordingly, **IT IS ORDERED DENYING IN PART AND GRANTING IN PART** defendants' motion for partial judgment on the pleadings (doc. 28). Judgment on the pleadings is granted as to a Lanham Act claim based on Karen Finley's August 15, 2008 statement to the Scottsdale Tribune that "using uncertified radar units was an 'honest mistake.'" All other claims remain.

**IT IS FURTHER ORDERED DENYING** defendants' motion to strike as moot (doc. 36).

DATED this 26th day of August, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge