**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Traffic Solutions, Inc., | No. CV-08-02051-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Redflex Traffic Systems, Inc., et al., | |
| Defendants. | |

Plaintiff American Traffic Solutions, Inc. brings this action against defendant Redflex Traffic Systems, Inc. alleging violations of federal and state law arising from the marketing of traffic enforcement systems. The court has before it defendant's motion for leave to supplement its statement of facts with a declaration (doc. 160), plaintiff's response (doc. 193), and defendant's reply (doc. 197). We also have before us defendant's notice of errata (doc. 166), plaintiff's motion to strike, (doc. 178), defendant's response (doc. 185), and plaintiff's reply (doc. 198). Finally, we have before us defendant's motion for protective order (doc. 179), plaintiff's response (doc. 184), defendant's reply (doc. 196), and the parties' motions for leave to seal (docs. 107, 161, 165, & 186).

**I.**

The parties' approach to this action has been needlessly contentious from the beginning. Defendant's lack of success in filing and serving a complete motion for summary

judgment exacerbated matters. After waiting until nearly midnight on the filing deadline, defendant spent five hours uploading large attachments. It moved for leave to seal its statement of facts and all of its exhibits. It also inadvertently failed to send plaintiff copies of its exhibits after a request to do so. Thirteen days later, defendant moved to supplement the record with a declaration and filed a notice of errata to correct references in its statement of facts and add missing pages to certain exhibits. Plaintiff did not receive defendant's exhibits until it made a second request several days later. It then moved to strike almost everything defendant had filed. The parties also proposed entry of competing protective orders. When plaintiff responded to the motion for summary judgment, it moved for leave to seal its response, statement of facts, and all of its exhibits, which span three boxes.

**II.**

We grant defendant's motion for leave to file an additional declaration. Defendant's witness is the Director of the Public Works Department in Lakewood, Washington. The tragic killing of four Lakewood police officers in November delayed his declaration until after the dispositive motion deadline. Plaintiff does not explain how it was prejudiced by the delay. Indeed, its theory of the case is apparently quite different from defendant's. Plaintiff decided not to address defendant's exhibits in its response to the motion for summary judgment.

**III.**

We deny plaintiff's motion to strike every document defendant filed after midnight on the dispositive motion deadline. Our March 20, 2009 order was clear: "The local rules of civil procedure provide for a motion, response, and reply. LRCiv 7.2. Objections to evidence on written motions shall not be by a separate motion to strike. LRCiv 7.2(m)(2)." These rules have not been changed. Plaintiff also fails to show prejudice from its late receipt of defendant's exhibits. To be sure, defendant's decision to wait until the last minute to file its motion for summary judgment was ill-advised, and the consequences were avoidable. The parties are advised to confer with each other to ensure that concerns are addressed promptly.

**IV.**

1    Defendant also moves for entry of a protective order under Rule 26(c), Fed. R. Civ. P. Both parties agree that some discovery material should be subject to a confidentiality agreement, while other material should only be viewed by outside counsel and experts. They disagree on the default for the latter restriction. Defendant proposes a presumption in favor of allowing certain party representatives to view material otherwise reserved for outside counsel and experts. Plaintiff contends that there should be a presumption against party access to such material.

A protective order covering discovery material requires a showing of good cause. Kamakana v. Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). The parties assert that some financial information should be protected because they are market competitors. They also reference trade secrets, but fail to provide specifics. We are persuaded that there is good cause for the parties' general provision protecting confidential discovery material. However, neither party's mechanism for restricting access to outside counsel and experts is appropriate. Preventing a party from viewing discovery material is an extreme measure for obvious reasons. It is difficult to establish claims and defenses without access to relevant information. Such a broad mechanism is also unnecessary where, as here, discovery is complete. The parties should already know what exact material they want restricted to outside counsel and experts. If either party is convinced one is required, it may move for a more restrictive protective order covering specific material with a particularized showing of good cause for each item.

Accordingly, we grant in part and deny in part defendant's motion for a protective order. We will enter the proposed order except for two paragraphs. The attorney's-eyes-only provision, ¶ 5, and references to it are omitted for the above reasons. Because we do not authorize the filing of documents under seal in advance, ¶ 6 is also omitted. LRCiv 5.6. We note that neither party mentions the protective order entered on October 22, 2009. It is still in effect.

**V.**

Both parties move for leave to seal nearly everything submitted in connection with defendant's motion for summary judgment. This is wholly inappropriate. A party must show compelling reasons, supported by specific factual findings, to seal judicial records related to a dispositive motion. <u>Kamakana</u>, 447 F.3d at 1178. Because citizens have an interest in "keeping a watchful eye on the workings of public agencies," hypothesis and conjecture are insufficient to support a motion for leave to seal such documents. <u>Id.</u> (citation omitted). The compelling reason standard is particularly apt in this case because it involves allegations that the citizens' public agencies were subjected to false advertising. The parties make no attempt to describe the specific portions of documents that they believe meet this high standard. Remarkably, they also fail to explain why the citizenry should not even have access to the statements of fact and plaintiff's response. We deny in full the parties' motions for leave to seal. Pursuant to LRCiv 5.6(e), they must resubmit the documents within five days of this order should they choose to file them in the public record.

**IT IS THEREFORE ORDERED GRANTING** defendant's motion for leave to supplement its statement of fact with a declaration (doc. 160). The clerk is advised that the lodged declaration (doc. 163) is subject to a motion for leave to seal (doc. 161), which is denied, and shall not be filed unless resubmitted for public filing.

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to strike (doc. 178).

**IT IS FURTHER ORDERED GRANTING IN PART** and **DENYING IN PART** defendant's motion for protective order (doc. 179). The protective order will be filed separately.

**IT IS FURTHER ORDERED DENYING** defendant's motions for leave to seal (docs. 107, 161, & 165). The clerk shall not file the lodged documents numbered 109-152, 158-159, 163, and 167-176. Defendant may resubmit the documents for filing in the public record no later than five days from the filing of this order.

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for leave to seal (doc. 186). The clerk shall not file the lodged documents numbered 187-191, and 194. Plaintiff

may resubmit the documents for filing in the public record no later than five days from the filing of this order.

DATED this 8th day of February, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge