WO

NOT FOR PUBLICATION
IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| American Traffic Solutions, Inc.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Redflex Traffic Systems, Inc., et al.,<br><br>　　　　　Defendants. | No. CV-08-02051-PHX-FJM<br><br>**PROTECTIVE ORDER** |

IT IS HEREBY ORDERED:

1. This Protective Order ("Protective Order") shall govern the handling of documents, testimony and other information produced in the above-captioned Action ("Discovery Material") by any party, or its affiliates or advisors ("Producing Party").

2. Any Producing Party shall have the right to designate Discovery Material as "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" (collectively, "Confidential Material") if the Producing Party determines in good faith that such Discovery Material constitutes, contains or would disclose proprietary business information, confidential personal information, a trade secret or other commercial or financial information that the Producing Party, in good faith, believes would result in competitive, commercial or personal harm if the material were disseminated to persons other than those specifically identified in ¶ 4 below. The designation by any Producing Party of its materials as Confidential Material shall constitute a representation that such Confidential Material has been reviewed by an attorney or legal assistant and that there is a good faith basis for such designation. Any Producing Party who designates Discovery Material as "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" is referred to herein as the "Designating Party."

3. (a) In the case of a document, the designation of material or information as "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made by affixing the legend "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" to each page containing any Confidential Material, except that in the case of multi-page, hard-copy documents bound together by permanent binding other than a staple, clip or clasp, or on multi-page spreadsheets where it would be difficult to mark each page with the designation "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" needs only be stamped on the first page of the document in order for the entire document to be treated as Confidential Material.

(b) In the case of a deposition, designation of the transcript or portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of a deposition, or by a statement in writing sent to all counsel of record within thirty (30) days after the receipt of the transcript of the deposition. During the thirty-day period during which counsel may review the transcript to determine whether it, or any portion thereof, should be designated "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only," the entire transcript shall be designated Confidential Material.

4. Discovery Material designated as "Confidential" and the information contained within it may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only for use in connection with this Action and only to the following persons:

(a) attorneys employed by the parties who represent parties in this Action, in-house counsel and their staff, and regular and temporary employees of all such counsel assisting in the conduct of this Action for use in accordance with this Protective Order;

(b) experts or consultants assisting counsel for parties in this Action solely for use in this Action in accordance with this Protective Order;

(c) witnesses or deponents, and their counsel, during the course of, and in preparation for, depositions or testimony solely for use in this Action in accordance with this Protective Order;

(d) any author, addressee or recipient of such Confidential Material solely for use in this Action in accordance with this Protective Order;

(e) the parties and the directors, officers, employees and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting counsel for the parties in this Action, or who appear as witnesses, but only for such purposes and subject to this Protective Order;

(f) the Court, pursuant to this Protective Order;

(g) court reporters, stenographers and translators employed in connection with this Action; and

(h) any other person only upon order of the Court or upon Protective Order of the party that produced the Confidential Material and subject to this Protective Order.

5. Agreeing to produce or receive, and/or producing or receiving, Confidential Material or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an evidentiary admission by any party to this Action that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential

3

*PHX 328,762,886*

Material;

        (c)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

        (d)    prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information; or

        (e)    prevent a Producing Party from agreeing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Confidential Material that the Producing Party has produced and designated "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only."

    6.    A designation of "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the Designating Party.

    7.    The inadvertent production of Discovery Material without designating it as "Confidential," "ATTORNEYS EYES ONLY," "Confidential – Attorneys' Eyes Only" shall not by itself be a waiver of the Producing Party's claim of Confidentiality as to such material, and the Producing Party thereafter may identify the same as "Confidential," "ATTORNEYS EYES ONLY," "Confidential – Attorneys' Eyes Only" with the effect that such Discovery Material is and thereafter shall be subject to the protections of the Protective Order. Disclosure by any party of such Discovery Material prior to notice by the Producing Party of the confidential nature thereof shall not be deemed a violation of the Protective Order.

    8.    The restrictions on the use of Confidential Material established by this Order are not applicable to the use by a party of its own Confidential Material. A party is free to do whatever it desires with such information. A party producing or disclosing its own

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

Confidential Material to a person shall not thereby waive the designation of such material as Confidential, "ATTORNEYS EYES ONLY," or Confidential - Attorney's Eyes Only material.

9. If any party inadvertently produces Discovery Material that it believes is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery belonging to the Producing Party, the Producing Party may notify the Receiving Party that such production contained an inadvertent disclosure of privileged material, identify the allegedly privileged material, and demand return thereof. On such demand, the Receiving Party must return such allegedly privileged material or destroy all copies thereof. If the Receiving Party in good faith contemplates filing a motion challenging the designation of any such materials as privileged and/or asserting that the production of such materials was either not inadvertent and/or constituted a waiver of any privilege that otherwise may have been applicable to such materials, it may retain one copy of the allegedly privileged material for the sole purpose of filing such copy with the Court under seal along with the motion. The Receiving Party's return of such materials is without prejudice to its right to assert the above-delineated positions in such a motion. The burden of demonstrating the applicability of any asserted privilege shall remain at all times with the party asserting the privilege. Should the Receiving Party not prevail on the above-referenced motion, the Receiving Party shall promptly return to the Producing Party or destroy any remaining copies of the materials at issue.

10. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation, any appeals therefrom. At the conclusion of this Action, all material treated as "Confidential," "ATTORNEYS EYES ONLY," or "Confidential – Attorneys' Eyes Only" under this Protective Order and not received in evidence shall be destroyed or returned to the Producing Party.

5

11. If any person receiving documents pursuant to this Protective Order ("Receiver") is (a) subpoenaed in another action, or (b) served with a demand in another action to which they are a party or served with any other legal process by one not a party to this Action, or (c) receives a request or demand by a government entity seeking Confidential Material, the Receiver shall give written notice, by hand or facsimile transmission or electronic mail, within ten (10) business days of the proposed disclosure, to those who produced or designated the Confidential Material. The Receiver shall not produce any of the Producing Party's Confidential Material, unless otherwise Court-ordered, for a period of at least five (5) days after providing the required notice to the Producing Party. If, within five (5) business days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its Confidential Material, the Receiver shall not thereafter produce such Confidential Material except pursuant to a Court order requiring compliance with the subpoena, demand or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

12. Upon termination of this Action by dismissal, judgment, or settlement, within sixty (60) days of conclusion of this Action, counsel for the party or parties receiving Confidential Material shall return the Confidential Material to the counsel for the party or parties disclosing or producing the Confidential Material. In lieu of returning Confidential Material, a party may destroy all such Confidential Material within sixty (60) days of the conclusion of this Action and certify to the Producing Party that it has destroyed the Confidential Material.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

13. The parties to this Action acknowledge that they provide similar services and that disclosure or use of Confidential Material by any person other than as provided for in this Order will result in real and significant economic loss to the party whose information is improperly disclosed or misused, even though such damages may be difficult to quantify.

The Court therefore will impose for any violations of this Order including, at its discretion, one or more of the following:

    (a) injunctive relief;

    (b) an award of any provable damages which, upon application of an aggrieved party shall be determined by the Court and not by a jury;

    (c) an award of attorneys' fees occasioned by the violation;

    (d) fines;

    (e) dismissal of one or more claims or defenses; and/or

    (f) any other remedies appropriate under the circumstances.

14. This Order does not authorize the filing of any document under seal. Any motion to file a document under deal shall set forth with particularity the basis for sealing under <u>Kamakana v. Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006), and fully comply with the procedure set forth in LRCiv 5.6.

DATED this 8th day of February, 2010.

_____
Frederick J. Martone
United States District Judge

3  **EXHIBIT A**

4

| | |
|---|---|
| 5 American Traffic Solutions, Inc., | No. CV-08-02051-PHX-FJM |
| 6 Plaintiff, | **AGREEMENT TO BE BOUND BY CONFIDENTIALITY PROTECTIVE ORDER** |
| 7 vs. | |
| 8 Redflex Traffic Systems, Inc., et al., | |
| 9 | |
| 10 Defendants. | |

11

12   I certify to the Court that I have read the Protective Order ("Protective Order") in
13 the above-captioned Action, pending in the United States District Court for the District of
14 Arizona ("Court"). I understand its terms and agree: (1) to be fully bound by the terms of
15 the Protective Order; (2) not to disclose Confidential Material (as defined in the Protective
16 Order) in any manner contrary to the terms of the Protective Order, and (3) to submit to
17 the jurisdiction of the Court for purposes of enforcement of the Protective Order.

18
19
20
21 Dated: _____          _____
22
23
24
25
26
27
28

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000