Randy J. McClanahan; Texas State Bar No. 13391500; randy@mmellp.com
Michael D. Myers; Texas State Bar No. 00791331; mike@mmellp.com
Robert H. Espey, II; Texas State Bar No. 24007163; bob@mmellp.com
MCCLANAHAN • MYERS • ESPEY, L.L.P.
3355 West Alabama, Suite 210
Houston, TX 77098
Tel: (713) 223-2005
Fax: (713) 223-3664

*Attorneys for Plaintiff American Traffic Solutions, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Traffic Solutions, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Redflex Traffic Systems, Inc., et al,<br><br>Defendants. | Case No. 2:08-cv-2051-FJM<br><br>**AMERICAN TRAFFIC SOLUTIONS, INC.'S OBJECTION TO REDFLEX'S PROPOSED BILL OF COSTS** |

American Traffic Solutions, Inc. ("ATS") files these objections to Redflex Traffic System Inc.'s requested bill of costs. [Docket Entry 323].  Redflex requests five categories of costs.

The United States Supreme Court has held that courts may only tax costs that are defined in 28 U.S.C. § 1920.[1]  This Court has provided further clarification of taxable costs through local rule 54.1.  Redflex seeks costs that are not authorized by statute or rule.  Accordingly, ATS objects as follows:

**1. Fees for service of summons and subpoena.**

ATS objects to the fees associated with Dr. Daniel Ingberman.  The fees Redflex seeks are not reasonable and were not necessary.  ATS agreed to present Dr.

---

[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Ingberman by agreement. Despite that offer, Redflex noticed Dr. Ingberman's deposition for a date that the witness was not available. This Court granted ATS's motion to quash and set Dr. Ingberman's deposition for the date that ATS proposed. [Docket Entry 102]. Under these circumstances, no subpoena was reasonable or necessary. Dr. Ingberman appeared for his deposition without ever being served.

Moreover, Redflex seeks fees beyond those of service of a subpoena. The invoice attached indicates that Redflex seeks to recover costs incurred for surveillance of Dr. Ingberman and mileage associated with that surveillance.[2] These costs are not authorized by statute or LR Civ. 54.1. Accordingly, ATS objects to Redflex's request for $2,226.98 in costs associated with Dr. Ingberman.

### 2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

The local rule provides that the costs of trial transcripts are taxable only when "requested by the Court, or prepared pursuant to stipulation."[3] Here the Court has not requested a trial transcript nor have the parties so stipulated. Accordingly, ATS objects to Redflex's requested costs associated with trial transcripts.

The taxable costs for depositions are limited to: 1) the "reporter's charge for the original deposition and copy;" 2) the "cost of obtaining a copy of a deposition by parties in the case other than the one taking the deposition;" and 3) the "reasonable

---

[2]   Exhibit A attached to Redflex's Bill of Costs [Docket Entry 323-1], p. 4.
[3]   L.R. Civ. 54.1(e)(2).

expenses of the deposition reporter and a notary presiding at the taking of the deposition."[4]

No other deposition costs asserted here are taxable pursuant to statute and local rule. For example, costs such as interactive real time, ASCII, compressed ASCII/Word, scanning and hyperlinking, video, and expedited shipping are not taxable.[5] Accordingly, ATS objects to $54,821.47 of Redflex's requested costs related to transcripts. An exhibit summarizing ATS's objections is attached as Exhibit 1A. A copy of the invoices provided by Redflex with the disputed charges highlighted is attached as Exhibit 1B.

**3.   Fees and disbursements for printing.**

Redflex seeks to recover for a number of different expenses as "printing." Because there is no evidence that any brief or other material was actually printed, as that term is defined by statute, ATS objects to all the costs that Redflex asserts in this category.

Redflex does appear to claim some copy expenses as taxable costs in this category. By statute and local rule, taxable costs of copies are limited to: 1) the reasonable costs of copies of papers necessarily obtained from third-party records

---

[4]   L.R. Civ. 54.1(e)(3).

[5]   *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007) ("since § 1920 makes no provision for videotapes of depositions, recovery of such without prior authorization from the court is not allowed" and "incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable"); *see also Agster v. Maricopa County*, 486 F.Supp.2d 1005, 1017-18 (D. Ariz. 2007) (awarding costs associated with videotaped depositions as non-taxable expenses).

1  custodians; 2) the reasonable costs of documentary exhibits admitted into evidence at hearing or trial, including the provision of additional copies for the Court and opposing parties. The local rule expressly states that all other copy costs are not taxable except by prior order of the Court. The Court here did not order that any copy costs were taxable. Nor were copies of papers obtained from any third-party record custodians in this case.

Accordingly, the taxable costs for copies in this case are limited to exhibits admitted into evidence. Redflex has provided no evidence that identifies the costs of copying the admitted exhibits. Nor does Redflex attempt to recover a reasonable rate for copies.[6]

ATS has attached a summary of further disputed expenses as Exhibit 2A. The disputed items are highlighted in colors that coordinate with the following categories: 1) Pacer usage charges (highlighted in yellow); 2) out-sourced data management services (highlighted in pink); 3) expenses without any supporting evidence (highlighted in green); and 4) hole punching and other document services (highlighted in blue). Exhibit 2B is a color coordinated copy of Redflex's chart captioned "Copies/Printing." Exhibit 2C is a color coordinated copy of invoices provided by Redflex.

---

[6] *See Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215 (N.D. Georgia 2009) (noting that a reasonable rate for taxable copying costs was between $ 0.10 and $ 0.14 in the Eleventh Circuit). The invoices from Redflex's vendor indicate that Redflex was generally charged between $ 0.07 for copies, substantially less than the amount Redflex seeks as taxable costs. In Exhibit 2A, ATS has quantified the entire number of copies sought by Redflex.

**4. Fees for witnesses.**

ATS objects because Redflex seeks to tax costs in excess of the federal subsistence rates for the Phoenix area established by statute.[7] For example, Redflex seeks to recover hotel room rates for Mr. Asner in excess of $267 per night.[8] Redflex generally seeks costs in excess of the federal rates for all of the witnesses. Moreover, Redflex has not provided any evidence as to the reasonableness of the number of days for which subsistence is sought.

In addition, Redflex seeks to recover costs associated with Peter Fisher. Mr. Fisher did not testify and Redflex has provided no evidence that he was in attendance at the Court as required by LR. Civ. 54.1(e)(4).

**5. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.**

ATS reiterates its objections to Redflex's requested copy expenses as stated under category 3. The taxable costs for copies in this case are limited to exhibits admitted into evidence. Redflex has provided no evidence that identifies the costs of copying the admitted exhibits. Nor does Redflex attempt to recover a reasonable rate for copies. Instead, in its Exhibit E, Redflex presents a copy of an invoice apparently related to its trial graphics. The costs associated with Redflex's audio-visual presentation during trial are not taxable costs. Redflex provided no evidence that the

---

[7] *See* 28 U.S.C. § 1821; LR. Civ. 54.1.

[8] Exhibit D attached to Redflex's Bill of Costs [Docket Entry 323-6], p. 18.

*Objections to Requested Bill of Costs, page 5*

associated costs were reasonable or limited to admitted exhibits. Accordingly, ATS objects to these costs.

**6.     Prayer.**

ATS requests that the Court sustain its objections to Redflex's requested bill of costs.

Respectfully submitted this 25th day of June, 2010.

MCCLANAHAN • MYERS • ESPEY, L.L.P.

By /s/ Randy J. McClanahan
Randy J. McClanahan
Texas State Bar No. 13391500
Michael D. Myers
Texas State Bar No. 00791331
Robert H. Espey, II
Texas State Bar No. 24007163
3355 West Alabama, Suite 210
Houston, TX 77098
Tel: (713) 223-2005
Fax: (713) 223-3664
*Attorneys for American Traffic Solutions, Inc.*

**CERTIFICATE OF SERVICE**

This motion is served by electronic filing to all counsel of record on this 25th day of June, 2010.

_____/s/ Randy J. McClanahan