**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

E. Jeffrey Walsh, WalshJ@gtlaw.com, SBN 009334
Robert A. Mandel, MandelR@gtlaw.com, SBN 022936
Stacey F. Gottlieb, GottliebS@gtlaw.com, SBN 015084
*Attorneys for Defendant Redflex Traffic Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC., *Plaintiff*, vs. REDFLEX TRAFFIC SYSTEMS, INC., *Defendant*. | Case No. 2:08-CV-02051-PHX-FJM **DEFENDANT REDFLEX TRAFFIC SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS BILL OF COSTS** |

Redflex Traffic Systems, Inc., ("Reflex") replies in support of its Bill of Costs [Dkt. 323] and in opposition to American Traffic Solutions, Inc.'s ("ATS") Objection to Redflex's Proposed Bill of Costs [Dkt. 324].

The rules permitting the prevailing party to recover taxable costs "create[ ] a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (*citing Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)); *see also Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("[C]osts are to be awarded as a matter of course in the ordinary case."). As such, "[t]he losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances." *Tatum v. Schwartz*, 2008 WL 4826121, *1 (E.D. Cal. 2008) (*citing Nat'l Info. Servs.*, 51 F.3d at 1472). Furthermore, while 28 U.S.C. §

1920 lists the taxable costs, the Court is "free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), *cert denied*, 502 U.S. 812 (1991) (*citation omitted*).

Redflex's Bill of Costs is supported with detailed invoices and comport with 28 USC § 1920, Local Rule 54.1, and this Court's rules for taxable costs. ATS objects to taxable costs of its own creation, mischaracterizes costs, and attempts to limit the permissible taxable costs without legal support. ATS's objections fail to demonstrate that an award of all of Redflex's costs would be inequitable or that the listed costs are not permitted by law.

### I.  Fees for Service of Subpoena on Dr. Daniel Ingberman.

The costs associated with the service of the subpoena on Dr. Ingberman, an expert witness who ATS represented, was integral to its case and who filed voluminous expert reports on ATS's behalf, are permissible. ATS's objection to the fees for service on Dr. Ingberman is disingenuous at best. Dr. Ingberman, ATS's expert, purposely evaded service of the subpoena. *See* Redflex's Response in Opposition to the Motion to Quash the Deposition of Daniel E. Ingberman [Dkt. 90]. As a result, the fees and costs associated with serving Dr. Ingberman are directly attributable to his and to ATS's actions in attempting to avoid the subpoena. Even more striking, ATS could have avoided these costs by simply accepting service on behalf of its expert. It refused to do so. Nonetheless, ATS persists in attempting to shift the costs associated with its expert witness onto Redflex, but it cites no authority for the proposition that Redflex is not entitled to the fees associated with service under L.R. Civ. 54.1 and 28 U.S.C. § 1920.

It was reasonable for Redflex to pursue a deposition on a date that was well before the discovery and dispositive motion deadline. More importantly, given Dr. Ingberman's extensive efforts to evade service, it was necessary for Redflex to engage a provider to serve Dr. Ingberman with a subpoena in order to ensure that he had an enforceable

obligation to appear at a deposition. The fact that Dr. Ingberman eventually appeared on a different date ordered by the Court does not negate the simple fact that fees associated with the service of subpoenas are taxable costs. Redflex was not required to assume, nor would it have been reasonable to assume, that Dr. Ingberman would appear at a deposition without a subpoena or court order.

## II. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.

ATS incorrectly argues that the cost of a transcript is the only taxable cost associated with depositions. "Deposition costs are taxable if they are reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (*citation omitted*). In addition, a number of courts have found that the costs of videotaping a deposition are taxable when necessary for trial. *See Goldberg v. Pacific Indem. Co.*, 2009 WL 1804861, *1 (D. Ariz. 2009); *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2008 WL 2020533, *6 (N.D. Cal. 2008) (upholding the clerk's award of $36,611.25 in disputed video deposition costs); *Pixion Inc. v. Placeware Inc.*, 2005 WL 3955889, *2 (N.D. Cal. 2005) ("[V]ideotaped copies are permitted under 28 U.S.C. § 1920…even if the party also obtains a hard copy of the transcript."); *Little v. Mitsubishi Motors N. Am., Inc*., 514 F.3d 699, 702 (7th Cir. 2008) (finding both a video-recorded deposition used to support a motion for summary judgment and stenographic transcript of the deposition were necessarily obtained for use in the case and thus taxable costs); *Tilton v. Capital Cities/ABC, Inc*., 115 F.3d 1471, 1478 (10th Cir. 1997) (finding district court did not abuse its discretion in concluding that both videotapes and transcripts were taxable because both were necessarily obtained for use in the case).

The depositions obtained were necessary for trial and summary judgment, and the technologically enhanced deposition transcripts enabled both parties to utilize the depositions efficiently. The depositions were used extensively in support of the

3

pleadings supporting Redflex's successful motion for summary judgment [Dkts. 108 & 201] and by ATS in response to those pleadings [Dkt. 205]. Plaintiff videotaped every deposition it took. Both parties utilized the electronically recorded deposition transcripts at trial.

Naturally, the costs of a deposition include the fees associated with preparing the transcripts, compiling and scanning the associated exhibits, and preparing the final versions, which include technology enhancements that enable key word searching and that ultimately minimize costs. *See e.g. Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 2008 WL 5135826, 6 (E.D. Cal. 2008) (stating that deposition "technology packages were either necessary based on the nature of the litigation or saved printing and/or copying costs.").

ATS also objects to the costs associated with the trial transcripts based on its reading the language of the local rule. *See* L.R. Civ. 54.1(e)(2). However, 28 U.S.C. § 1920 explicitly permits the costs of a transcript necessarily obtained for use in the case. *See Competitive Technologies v. Fujitsu Ltd.*, 2006 WL 6338914, *6 (N.D. Cal. 2006). Both parties relied on the trial transcripts in arguing Redflex's motion for a judgment as a matter of law and in closing argument. *See id.* (noting that arguments based on hearings that related to the disposition of claims demonstrated the necessity of the transcripts). Given the parties' use of the transcripts, the fees associated with obtaining the daily transcripts are a reasonable cost that should be deemed taxable.

### III. Fees and Disbursements for Printing.

Redflex's detailed invoices demonstrate that the fees and costs are directly related to the printing of documents necessarily obtained for use in the case. Redflex has providing detailed invoices and a summary of those invoices which lists printing of documents necessarily obtained for use in this case. Redflex's fees and disbursements for printing are not limited to exhibits admitted into evidence.

ATS argues that "printing" is legally limited by statute or by the courts to encompass only exhibits admitted into evidence, however, no case has interpreted Local Rule 54.1 or 28 U.S.C. § 1920 so narrowly. One court in the Ninth Circuit has found that printing fees, where documents in the case totaled nearly 900,000 pages, at a rate up $0.20 per page, and totaling $55,678, were reasonable. *See Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.,* 2008 WL 2020533, *6 (N.D. Cal. 2008) (*citing Vardon Golf Co., Inc. v. Karsten Mfg. Corp.,* 2003 WL 1720066, *11 (N.D. Ill. 2003) ("This Court finds that 20 cents per page is a reasonable amount to charge for photocopies.")). In addition, courts also allow recovery of photocopying costs even if the underlying document was never used at trial. *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (rejecting argument that copied documents must be introduced into the record to be an allowable cost).

ATS also objects to printing fees charged by PACER. As the invoices demonstrate, Redflex seeks printing fees associated with printing documents directly from the Court's electronic repository, at the rate set by the Court. Suggesting that these fees are impermissible is contrary to a primary purpose of PACER – to allow efficient access to and printing of the docketed documents in the case. ATS cites no authority that the Court should not permit the prevailing party to collect the fees associated with printing documents from PACER.

### IV. Fees for Witnesses.

In accordance with 28 U.S.C. § 1920 and Local Rule 54.1(e)(4), Redflex is entitled the actual travel costs and subsistence for witnesses, even if the witness does not take the stand. *See Peabody Coal Co. v. Navajo Nation,* 162 F.R.D. 596, 601 (D.Ariz. 1995) (witness fees are taxable "even though the witness does not take the stand, provided that the witness is in attendance at the court"). Furthermore, witness fees are taxable for the reasonable period during which the witness is in the district. *See id.*

(*citing Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401, 405-406 (E.D. Mich. 1982) (*quotation omitted*)).

Redflex seeks fees for its witnesses who testified at trial: David Beams (3 nights and 2 days) and Michael Asner (2 nights and 2 days), and Peter Fisher, a witness who was available for an appearance in court (2 nights and 2 days), but did not appear due to the limited time available for witnesses and ATS's presentation of its case. Given that Redflex had approximately two and one half days to present its case, two days is a reasonable period for a witness to be present in the district. Furthermore, although Peter Fisher did not appear as a witness, he was available to appear in court.

ATS notes that Peter Fisher was not in "attendance at the court," but offers no support for its suggestion that this phrase in the Local Rules requires that the witness be physically present in the courtroom for the entire stay in order to justify the fees. Instead, a more reasonable interpretation is that fees are justified for a witness who was readily available to testify at trial for a reasonable period and where "counsel exercised good faith and reasonable judgment in determining that a person would be needed as a witness." *See Quy v. Air America, Inc.*, 667 F.2d 1059, 1065 (D.C. Cir. 1981); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722 (N.D. Ill. 1982). Peter Fisher was less than twenty minutes from the courtroom and remained in the district for a short period of time (2 days) and then departed once the court proceedings no longer made it necessary or reasonable for him to appear as a witness. ATS's approach would suggest that a witness, in this case an Operations Lieutenant with the Bremerton police force, should be required to sit in the courtroom until such time that the proceedings no longer made his appearance necessary or reasonable. This is a harsh reading of the rule that Redflex does not support.

**V.  Fees for Exemplification and the Cost of Making Copies of any Materials Where the Copies Are Necessarily Obtained for Use in the Case.**

"As a general rule, expenses of copying pleadings, correspondence, exhibits and other documents filed with the court and tendered to the opposing party are taxable as costs, provided the copies are 'necessarily obtained for use in the case.'" *Committee Concerning Community Imp. v. City of Modesto*, 2007 WL 4365584, *6 (E.D. Cal. 2007) (*vacated on other grounds*) (*citing* 28 U.S.C. § 1920(4) and *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991)).  In addition, "Section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost." *Id*. (citing *Haagen-Dazs,* 920 F.2d at 588.  Furthermore, "[e]xemplification" includes exhibits and other illustrative materials. *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988).

ATS, again without any legal support, attempts to limit these fees to those exhibits introduced into evidence.  As demonstrated, the fees are not so limited, and as the local rule states "[t]he reasonable cost of documentary exhibits admitted into evidence at hearing or trial is also taxable, *including the provision of additional copies for the Court and opposing parties.*"  L.R. Civ. 54.1(e)(5) (*emphasis added*).  ATS cites no authority suggesting that the local rule narrows the Ninth Circuit's interpretation of 28 U.S.C. § 1920 beyond the clear language of the rule. The single invoice submitted specifically relates to fees relating to copies and conversions of documents prepared as trial exhibits – including copies for the Court.

**VI.  Conclusion.**

ATS has failed to meet its burden of showing that the award of Redflex's costs would be inequitable or that Redflex's Bill of Costs fails to comport with 28 U.S.C. §

7

*PHX 329,403,421v3*

1920 and the local rules. Accordingly, the Court should overrule ATS's objections and award the fees Redflex lists in its Bill of Costs.

RESPECTFULLY SUBMITTED this 6th day of July, 2010.

> GREENBERG TRAURIG, LLP
>
> By: /s/ E. Jeffrey Walsh
> E. Jeffrey Walsh
> Robert A. Mandel
> Stacey F. Gottlieb
> *Attorneys for Defendant Redflex Traffic Systems, Inc.*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on July 6, 2010, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

    Randy J. McClanahan (randy@mmellp.com)
    Robert H. Espey, II  (bob@mmellp.com)

☒ I hereby certify that on July 6, 2010, I served the attached document by e-mail upon the following, who are registered participants of the CM/ECF System:

    Randy J. McClanahan (randy@mmellp.com)
    Robert H. Espey, II  (bob@mmellp.com)

By: /s/ Patricia Berger
     Employee, Greenberg Traurig, LLP

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000