**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| American Traffic Solutions, Inc., | ) | No. CV-08-02051-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Redflex Traffic Systems, Inc., et al., | ) ) | |
| Defendants. | ) ) ) | |

The court has before it defendant Redflex Traffic Systems, Inc.'s amended motion for attorneys' fees and non-taxable costs (doc. 346), plaintiff American Traffic Solutions, Inc.'s response (doc. 350), and defendant's reply (doc. 353). We also have before us the parties' motions for review of the taxation of costs (docs. 347 & 348).

**I**

The parties compete for contracts to provide photographic traffic enforcement services to governmental entities. Until August 2008, defendant did so with radar units that required, but lacked, certification by the Federal Communications Commission ("FCC"). In its proposals to governmental entities, defendant emphasized its compliance with applicable laws. Plaintiff alleged that these statements, along with statements defendant made in contracts, at trade shows, and through press releases, constituted false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). It also alleged claims for tortious interference with

a business expectancy and unjust enrichment. We granted summary judgment to defendant on plaintiff's claims regarding about two dozen governmental entities because plaintiff lacked either prudential standing or evidence of advertising (doc. 253). In May 2010, we held a two-week jury trial on plaintiff's remaining claims regarding about a dozen governmental entities. At the close of plaintiff's case, we denied defendant's motion for judgment as a matter of law while noting that plaintiff's case was weak at a every point. The jury returned a defense verdict.

**II**

Defendant moves for an award of $3,055,770.11 in attorneys' fees and $679,511.41 in non-taxable costs representing 12,439 hours of work. Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A case is exceptional if it is "groundless, unreasonable, vexatious, or pursued in bad faith." Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 827 (9th Cir. 1997).

First, defendant contends that plaintiff's case was groundless and unreasonable. Defendant asserts that plaintiff lacked support for a number of its claims because it either did not compete for the contract, it was not a viable candidate to win the contract, or the contract did not involve radar units. Defendant also asserts that plaintiff lacked evidence that the governmental entities were actually deceived by its statements, something it mistakenly suggests we required. Moreover, defendant argues that plaintiff's Chief Executive Officer was not concerned about defendant's compliance statements, defendant's proposals did not contain false statements, and plaintiff failed to put on a case for damages. According to defendant, plaintiff presented a moving target with respect to its claims and its experts, which drove up defendant's litigation costs. Finally, defendant contends that plaintiff unreasonably waited until closing argument to drop claims regarding two governmental entities.

In response, plaintiff contends that a significant portion of its case had merit because it survived motions for summary judgment and judgment as a matter of law. It also contends that the remainder of its case was colorable because the Lanham Act's application in the government procurement context was unsettled. In addition, plaintiff asserts that defendant's

contentions are disingenuous because defendant is currently pursuing similar Lanham Act claims against plaintiff based, in part, on statements plaintiff allegedly made in its proposals concerning the American-made nature of its systems and its success in obtaining contracts. See No. CV-09-2702-PHX-SRB.  Finally, plaintiff suggests that a discretionary award of attorneys' fees is not warranted given our prior statements about the parties' excessive approach to motion practice.

The Lanham Act is a complex statute with a broad scope and low thresholds for liability. Unfortunately, this makes it susceptible to creative legal theories based on less than compelling facts. This is particularly true where, as here, a plaintiff can raise a genuine issue with respect to intentional deception and rely on a presumption of deception. See William H. Morris Co. v. Group W, Inc., 66 F.3d 255, 258 (9th Cir. 1995) (holding that deliberately false or misleading statements are presumptively deceptive). As the jury verdict shows, however, creative legal theories are not necessarily persuasive legal theories. While plaintiff presented evidence that defendant knew that its radar units lacked FCC certification at the same time that it was touting its legal compliance, defendant presented evidence that FCC certification did not matter to the governmental entities.

Nevertheless, our inquiry is not whether plaintiff's case was strong or successful, but whether it was groundless or unreasonable. Defendant raises significant issues with plaintiff's case. Plaintiff's decision to put on an executive instead of its expert to discuss damages showed little faith in its theory of damages. Defendant also raises unpersuasive issues, such as the testimony of plaintiff's CEO and the contention that defendant's statements were not false. Ultimately, we conclude that plaintiff's case was not groundless or unreasonable because, despite its weaknesses, it "raised debatable issues of law and fact." Stephen W. Boney, Inc., 127 F.3d at 827.

Second, defendant contends that plaintiff's case was vexatious and pursued in bad faith. Defendant faults plaintiff for publicizing defendant's use of uncertified radar units, raising various state court and administrative challenges, and pursuing claims against two of defendant's executives. It also notes that plaintiff retained experienced counsel on a

- 3 -

1  contingency basis to pursue this action, which would seem to cut against the presence of bad
2  faith. Moreover, the parties offer declarations by their general counsel detailing competing
3  versions of a conversation between them about the likelihood of plaintiff's claims surviving
4  summary judgment.

5  As we have noted before, the parties' approach to this action has been needlessly
6  contentious (doc. 199). This is no doubt due, in part, to the related nature of their origins and
7  their current status as the principal competitors in their industry. We are not persuaded,
8  however, that plaintiff has litigated vexatiously or for an improper purpose. Because
9  defendant has not shown that this case is exceptional within the meaning of 15 U.S.C.
10 § 1117(a), we deny its motion for attorneys' fees and non-taxable costs.

**III**

12 Both parties seek our review of the Clerk's taxation of costs. The Clerk taxed costs
13 in favor of defendant in the amount of $73,125.60 (doc. 340). We address each party's
14 motion in turn.

**A**

16 Plaintiff first objects to the taxation of $2,226.98 for service on an expert. In
17 December 2009, the parties expended considerable time and money to schedule an expert's
18 deposition. We granted plaintiff's motion to quash a notice of deposition and directed the
19 parties to work together (doc. 102). We reduce the service costs by the amount charged to
20 keep the expert under surveillance, $1,638.75, which was unreasonable.

21 Second, plaintiff objects to the taxation of $23,667.72 for electronic and video-based
22 deposition costs on the basis that they are never taxable. We reject the objection because
23 such costs are taxable when they are "necessarily obtained for use in the case." Goldberg v.
24 Pac. Indem. Co., No. CV-05-2670-PHX-JAT, 2009 WL 1804861, at *1 (D. Ariz. June 24,
25 2009).

26 Third, plaintiff objects to the taxation of $26,676.56 for printing fees because
27 defendant failed to show that they were not merely for the convenience of counsel. We
28 cannot evaluate this objection because plaintiff does not refer to any specific costs.

- 4 -

1  However, we note that the Clerk disallowed a significant portion of the claimed fees on this
2  basis. Plaintiff also directs our attention to a typographical error for Invoice #49647.
3  Taxation Order at 7. Accounting for the Clerk's allowances, we agree that the correct
4  amount is $1,247.39 instead of $3,528.89.

5  Fourth, plaintiff objects to the taxation of $3,762.13 for witness fees because the fees
6  exceed federal subsistence rates. Aside from one witness's hotel bill, however, plaintiff does
7  not direct our attention to any specific costs. We agree that $534.44 is excessive for a two-
8  night stay in Phoenix in May, and we reduce the costs awarded by the same amount.
9  Accordingly, we grant in part and deny in part plaintiff's motion for review and reduce the
10 taxation of costs by $4,454.69.

11                                                **B**

12 Defendant first objects to the Clerk's disallowance of costs for color copies. It
13 contends that it should, at least, receive the cost for black and white copies in lieu of the full
14 cost for color copies. Defendant does not direct our attention to any specific portion of the
15 Taxation Order. It appears that the Clerk disallowed costs for color copies as well as black
16 and white copies because they were for the convenience of counsel. Taxation Order at 11.
17 We reject the objection.

18 Second, defendant objects to the Clerk's disallowance of PACER expenses. We reject
19 the objection because PACER expenses are not taxable costs. RD Legal Funding, LLC v.
20 Erwin & Balingit, LLP, No. 08-CV-597-L, 2011 WL 90222, at *5 (S.D. Cal. Jan. 10, 2011).

21 Third, defendant objects to the Clerk's disallowance of trial transcript costs. We
22 reject the objection because defendant does not assert that its request conforms with our
23 Local Rule for trial transcript costs. LRCiv 54.1(e)(2).

24 Fourth, defendant objects to the Clerk's disallowance of trial presentation costs. In
25 this case, defendant efficiently presented a large amount of evidence to the jury. We allow
26 the $1,228.90 charge for its trial presentation. Defendant also represents that the remainder
27 of the same invoice went toward the preparation of trial exhibits, which the Clerk did not
28 mention when he disallowed the invoice as trial presentation costs. Including the above

1  amount, we allow the entire $21,582.55 invoice. Accordingly, we grant in part and deny in
2  part defendant's motion for review and increase the taxation of costs by $21,582.55.
3      **IT IS THEREFORE ORDERED DENYING** defendant's amended motion for
4  attorneys' fees and non-taxable costs (doc. 346).
5      **IT IS FURTHER ORDERED GRANTING IN PART** and **DENYING IN PART**
6  the parties' motions for review of the taxation of costs (docs. 347 & 348). The clerk shall
7  tax costs to defendant in the amended amount of $90,253.46.
8      DATED this 28th day of February, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge